THE STATE, EX REL. RUFF, APPELLEE, *v.* PUBLIC EMPLOYEES RETIREMENT BOARD, APPELLANT.

[Cite as *State, ex rel. Ruff, v. Pub. Emp. Retirement Bd.* (1992), 63 Ohio St.3d 188.]

(No. 91–1008—Submitted January 14, 1992—Decided March 11, 1992.)

*Catri, Howells, Kellam & Brady Co., L.P.A.,* and *James R. Kellam; Lucas, Prendergast, Albright, Gibson & Newman* and *Rankin M. Gibson,* for appellee.

*Lee I. Fisher,* Attorney General, and *William Damsel,* for appellant.

---

*Per Curiam.* Under R.C. 145.45, the survivor of a deceased PERS member who was eligible for a retirement benefit when he died may elect to receive a monthly benefit. Elizabeth elected this option. The amount of her monthly benefit, however, increased with the addition of the previously unrecorded .3 years of service. She now applies to extend this increase to when she first began receiving benefits.

In opposing this, the board argues that Edward was not eligible for the higher benefit at the commencement of benefit payments because the two employers had not reported his employment and contributed payments for it. Thus, it maintains, he was not a contributing member as to the unreported employment until Elizabeth established the employment. Elizabeth responds that Edward was employed for the qualifying thirty years and eligible for benefits based on thirty years of covered service, despite the board's learning of the unreported service four years after the member's death. Consequently, she argues, she should receive the higher benefit amount from the inception of benefit payments. We agree with Elizabeth.

R.C. 145.03 created PERS and mandates membership in it by all covered employees with several nonpertinent exceptions. R.C. 145.47 requires a public employee to contribute to the system, and R.C. 145.48 requires a public employer to contribute a certain percent of the earnable salary of an employee member to the employers' accumulation fund. R.C. 145.483 requires the

employer to pay the employee's and the employer's contribution if the employer fails to deduct the employee's contributions when required. *State, ex rel. Pub. Emp. Retirement Bd., v. Baker* (1959), 169 Ohio St. 499, 9 O.O.2d 1, 160 N.E.2d 262, imposed the same requirement on the employer before the enactment of R.C. 145.483 in 1976.

R.C. 145.33, under which Edward was eligible for a retirement benefit, bases the amount of the benefit on total service credit. R.C. 145.01(H)(1) defines "total service credit" as "all contributing service of a member of the public employees retirement system since last becoming a member * * *." R.C. 145.01(T)(1) defines "contributing service" as "all service credited to a member of the system since January 1, 1935. * * *"

This statute does not define credited service based on when the board credits a member with service after 1935. Contributing service is all service credited to a member, regardless of when the board credits the service. In this case, the board credited Edward with sufficient "contributing service" to accumulate his "total service credit" to thirty years. Thus, he was eligible for a retirement benefit based on thirty years' service, and Elizabeth, his survivor, was derivatively entitled to a survivor's benefit based on Edward's service, despite the board's incorrect records. The board argues that he did not have sufficient contributing service until it corrected the records. To the contrary, under the statute, he had sufficient contributing service when he accumulated it.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.